FILED

**NOT FOR PUBLICATION**

MAR 09 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50164 |
| Plaintiff - Appellee, | D.C. No. 5:08-cr-00159-VAP |
| v. | |
| CHRISTOPHER WAYNE HALBERT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted March 6, 2012[**]

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Christopher Wayne Halbert appeals from the 120-month sentence imposed
following his guilty-plea conviction for possession of child pornography, in
violation of 18 U.S.C. § 2252A(a)(5)(B). We have jurisdiction under 28 U.S.C.
§ 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Halbert first contends that the district court procedurally erred by failing to appreciate its discretion to vary from the advisory Sentencing Guidelines range on policy grounds, and by failing to explain why it rejected his policy arguments. The record belies these contentions. The court considered Halbert's arguments and explained the sentence sufficiently to permit meaningful appellate review. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc); *United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011) ("[D]istrict courts are not obligated to vary from the child pornography Guidelines on policy grounds if they do not have, in fact, a policy disagreement with them.").

Halbert next contends that the district court erred by imposing a vulnerable victim adjustment under U.S.S.G. § 3A1.1(b)(1), because the adjustment should not apply in a possession of child pornography case. His contention is foreclosed by *United States v. Lynn*, 636 F.3d 1127, 1139 (9th Cir. 2011).

Halbert finally contends that his sentence is substantively unreasonable. We consider policy arguments like Halbert's within the context of the reasonableness of the final sentence. *See United States v. Barsumyan*, 517 F.3d 1154, 1158-59 (9th Cir. 2008). The record reflects that Halbert's sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**